UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILAL YAZBEK

        Plaintiff,

v.

MICHAEL CHERTOFF, Director,
Dep't of Homeland Security; EMILIO
GONZALEZ, U.S. Citizenship and Immigration
Service; and ROBERT S. MUELLER, Federal
Bureau of Investigation,

        Defendants.
_____/

CASE NO. 07-12566
HON. LAWRENCE P. ZATKOFF

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 1, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss. Defendants filed their motion on August 17, 2007. Plaintiff responded on September 4, 2007. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendants' Motion to Dismiss is GRANTED.

### II. BACKGROUND

Plaintiff was born in Lebanon and is currently a Canadian citizen. *See* Pl.'s Compl. ¶ 8. Plaintiff applied for an adjustment of status (Form I-485) to lawful permanent resident status on November 23, 2004, based on his marriage to a United States citizen. *See id*. ¶ 9; Defs.' Ex. F ¶ 5.

Plaintiff's wife filed a Petition for Alien Relative (Form I-130) concurrently with Plaintiff's Form I-485. *See* Defs.' Ex. F ¶ 5.

As part of the application process, an officer from the United States Citizenship and Immigration Service (USCIS) interviewed Plaintiff on June 22, 2005. *See id.* ¶ 6. On August 8, 2007, USCIS approved the Form I-130 for Plaintiff's wife, which was a prerequisite to adjudicating Plaintiff's application for adjustment of status. *See id.* ¶ 7. To date, however, Plaintiff's application is still pending because the FBI has not completed the necessary background check. *See* Defs.' Ex. J ¶ 39. Plaintiff filed the present action on June 15, 2007, requesting that the Court order Defendants to adjudicate his pending application. *See* Pl.'s Compl. at 5. Defendants now move to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.

### III. LEGAL STANDARD

"The United States district courts are not courts of general jurisdiction." *Graves v. Administrator of FMHA of the USDA*, 541 F.2d 159, 161 (6th Cir. 1976). A motion challenging the basis for the Court's subject matter jurisdiction is brought under FED. R. CIV. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1) ... the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A Rule 12(b)(1) motion to dismiss will be granted only if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### IV. ANALYSIS

Plaintiff has requested a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to process his application for adjustment of status. Plaintiff claims federal jurisdiction is proper pursuant to 28 U.S.C. § 1331 and the Administrative Procedures Act (APA), 5 U.S.C. §

701 et. seq. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

In response, Defendants note that the APA provides that a claim is unreviewable by the courts if the relevant statute "preclude[s] judicial review," or if the agency action in question is "committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1),(2). The Immigration and Naturalization Act (INA) expressly commits the adjudication of an adjustment of status application to agency discretion. 8 U.S.C. § 1255(a). Furthermore, the INA provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review–
>
> \* \* \*
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title [8 USCS §§ 1151 et seq.] to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B). Defendants argue that because the INA commits the adjudication of an adjustment of status application to agency discretion, the Court does not have subject matter jurisdiction.

The Eastern District of Virginia confronted this identical issue in *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006). As in the instant case, the *Safadi* plaintiffs alleged the court had jurisdiction to review the pace at which USCIS was adjudicating their adjustment of status applications. The court noted that:

> The question then is whether [the] exclusion of any discretionary "action" from judicial review serves to preclude judicial review of the pace or nature of the process USCIS has implemented to execute its discretionary authority to adjust plaintiff's

status. In other words, the question is whether the term "action" encompasses the pace at which USCIS processes an adjustment of status application.

*Id.* at 698.

The court held that:

The plain meaning of the word "action" answers this question; it means "an act or series of acts." Black's Law Dictionary 28 (6th ed. 1990). Thus, under § 1252(a)(2)(B)(ii) the term "action" encompasses any act or series of acts that are discretionary within the adjustment of status process. And, as § 1255(a) does not impose any limits on USCIS's discretionary authority over the adjustment of status process, it is clear that "action" in § 1252(a)(2)(B)(ii) encompasses the entire process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds.

*Id.* at 699 (footnotes omitted). The court further held that:

Surely Congress, in passing § 1252(a)(2)(B)(ii), did not intend to preclude from judicial review all discretionary actions involved in the processing of an adjustment application except for the pace of such processing. Indeed, to suggest that Congress intended to except the pace of the process from the general exclusion of judicial review is belied by the complete absence of any statutory time limits on the processing of adjustment applications. Instead, § 1255(a) simply provides that the adjustment application process is subject to the regulations that USCIS may elect to prescribe. Nowhere in the statute is there any reference to time limits for the processing of adjustment of status applications or the need for expedition in doing so. The absence of any such reference is consistent with, and confirmatory of, Congress' intent to confer on USCIS discretion over not just the adjustment of status decision, but also the process employed to reach that result, and to exclude from judicial review the exercise of all that discretion.

*Id.* Finally, the court noted that:

To be sure, the nearly four years thus far consumed in the processing of plaintiff's application is far from an inconsiderable period of time and it is easy to understand plaintiff's frustration. It is also understandable that the length of the process is causing plaintiff substantial hardship. Nonetheless, in this post-9/11 world USCIS must carefully and thoroughly investigate adjustment applications to ensure they are not granted without the appropriate good cause. Our national security requires that caution and thoroughness in these matters not be sacrificed for the purpose of expediency.

*Id.* at 700-01 (footnote omitted).

The Southern District of Florida also considered this issue in *Grinberg v. Swacina*, 478 F.

4

Supp. 2d 1350 (S.D. Fla. 2007). The court noted that a majority of courts facing the issue have held that the federal courts do not have jurisdiction to review the pace at which adjustment of status determinations are made. *Id.* at 1352. The court held that:

> [I]f Congress intended to confer jurisdiction on a federal court to review the pace of adjudication for adjustment of status applications, it would have expressly provided for a time limitation . . . . That Congress did not do so here reflects its intent to leave the pace of adjudication discretionary with the United States Attorney General and outside the scope of judicial review. While this Court acknowledges Plaintiff's frustration from waiting indefinitely in "immigration limbo" for a determination, it finds that Congress, rather than a federal court, is the proper governmental body to fashion a remedy.

*Id.*

The Court agrees with the reasoning of the *Safadi* and *Grinberg* courts. Because actions relating to the adjudication of an adjustment of status application are committed to agency discretion, these actions, including the pace of adjudication, are beyond the scope of judicial review. Accordingly, the case must be dismissed for lack of subject matter jurisdiction.

## V. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's claim. Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is HEREBY DISMISSED.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: October 1, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 1, 2007.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290